### Leslie WIEBE, Plaintiff in Error,
### v.
### The STATE of Oklahoma, Defendant in Error.
### No. A–15560.

Court of Criminal Appeals of Oklahoma.
July 22, 1970.

---

Station at 1103 West Reno in Oklahoma City and on that date the defendant came in and cashed a check for $20.00 buying a dollars worth of gas. The maker on the check was Genevieve R. Alley and the payee was Leslie Wiebe. The City National Bank, on which the check was drawn, would not honor it.

Genevieve R. Alley testified that she had an account at the time with City National Bank and she recognized the check, State's Exhibit 1, as being one of a series that were overprinted with her name and address, but which she had never received. The maker's signature on the exhibit was not her signature and she had not authorized anyone to sign her name to the check. She had never seen defendant other than at a previous court appearance.

The defendant did not testify or offer evidence in his behalf and this constituted the evidence presented on the trial.

On appeal it is first contended that the evidence is insufficient to support the verdict of the jury. From the above recital of facts, it is readily apparent that the evidence offered on behalf of the State, was sufficient, if believed, to support the verdict of the jury. In this regard we feel it only necessary to reiterate our holding in Fields v. State, Okl.Cr., 322 P.2d 431, wherein we stated:

> "The function of the Court of Criminal Appeals is limited to ascertaining whether there is a basis, in the evidence, on which the jury can reasonably conclude that accused is guilty as charged."

In accordance with the authority above set forth, we are of the opinion that this assignment of error is without merit.

It is lastly contended that the punishment imposed is excessive. Forgery in the Second Degree is punishable by imprisonment in the state penitentiary not exceeding seven years. We are, therefore, of the opinion that the punishment imposed was well within the range provided by law, and finding the record free of any error which would justify modification .or reversal, we are further of the opinion that

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge:

Leslie Wiebe, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Forgery in the Second Degree; his punishment was fixed at three years imprisonment in the state penitentiary, and he appeals.

On the trial David Pennycuff testified that on April 11, 1969, he was working as manager at Cliff and Dan's Gulf Service

the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.